UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISAAC OWEN, JR.,

    Plaintiff,

v.                                                          Case No. 16-cv-898-pp

SCOTT WALKER, ET AL.,

    Defendants.

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2), DISMISSING COMPLAINT WITHOUT PREJUDICE, AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT BY JANUARY 20, 2017**

      On July 11, 2016, the plaintiff, who is proceeding without a lawyer, filed his complaint. Dkt. No. 1. Along with the complaint, the plaintiff filed a motion asking the court to allow him to proceed with his case without paying the filing fee. Dkt. No. 2. For the reasons explained below, the grants the plaintiff's motion to proceed *in forma pauperis*, dismisses the complaint without prejudice under Federal Rule of Civil Procedure 8, and grants the plaintiff leave to file an amended complaint that provides a short and plain statement of his claims.

      In the plaintiff's affidavit in support of his motion to proceed *in forma pauperis*, he indicates that he is not employed, not married, has two dependents (ages six and one), and has no monthly income. Dkt. No. 2 at 1-2. He states that his household expenses total $460 per month. Id. at 3. He does not own a car or a home, and he has no other assets. Id. at 3-4. The plaintiff

1

has demonstrated that he cannot pay the full amount of the $350 filing fee and $50 administrative fee.

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted). Relatedly, in order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: whether the litigant is unable to pay the costs of commencing the action, and whether the action is frivolous or malicious. 28 U.S.C. §§1915(a) and (d).

To state a cognizable claim for relief under the federal notice pleading system, the plaintiff shall provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need

2

not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

The plaintiff's complaint spans ninety-two typed pages. It generally alleges that the plaintiff had formed a health care business, Graceful Care Services, LLC, to provide "services that help assist eligible consumers with daily living activities." Dkt. No. 1 at 40, ¶125. The defendant alleges that his business was unsuccessful because, after an on-site visit to his business, the plaintiff was denied the necessary licenses to provide health care services and participate in Medicaid programs. Id. at 41, ¶127; 79. According to the plaintiff, defendants Valerie Sobotta, Amanda Slater, Joann Kowalski, and Angela Mack caused his "business to be unconstitutionally shut-down and unconstitutionally seized my property, and the unconstitutional actions caused

3

the State of Wisconsin not to associate with me, and Governor Scott Walker and Kitty Rhoades . . . failed to prevent the injury from occurring." Id. at 83. He alleges that the defendants denied the plaintiff the necessary licenses based on his race. Id. at 42, ¶130; 45-46, ¶142; 47, ¶148. He further alleges that the defendant's conduct violated various federal and state constitutional provisions, statutes and regulations. He attempts to state claims under Article IV, §2 of the federal Constitution; the Sherman Act; 42 U.S.C. §§1981, 1982, 1983 and 1986; and 18 U.S.C. §§641 and 654, as well as alleging state-law claims for extortion, theft by fraud, negligence, public misconduct, unjust enrichment, mail fraud, blackmail and others.

The plaintiff's claim appears to be that certain of the defendants refused to grant his business the necessary licenses on the basis of the plaintiff's race. The court cannot allow the plaintiff to proceed on his complaint in its current form, however, because the complaint "is a confusing morass of legal theory and limited factual assertions. . . . ." Griffin v. Milwaukee Cnty., 369 F. App'x 741, 743 (7th Cir. 2020).

Fed. R. Civ. P. 8 provides that a pleading, such as a complaint, must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief . . . ." The plaintiff's complaint is excessively long (ninety-two pages and almost 300 paragraphs), lacks factual detail and specificity regarding which individual defendant is responsible for what alleged conduct, and cites numerous federal and state constitutional and statutory provisions without explaining how the individual defendants' conduct violated the law.

4

The court cannot determine whether there are any potential claims against any of the individual defendants.

Even though "[a] district court normally cannot dismiss a complaint merely because it is repetitious or includes irrelevant material," id. (citing United States ex rel. Garst v. Lockheed–Martin Corp. 328 F.3d 374, 378 (7th Cir. 2003)), "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter," id. (alteration omitted) (citation omitted). In these circumstances, the Seventh Circuit has explained that "it is simpler to dismiss an unintelligible complaint with leave to file a new one so that a plaintiff's allegations are contained in only one document rather than" directing the plaintiff to file a more definite statement. Id. (citing Davis v. Ruby Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001)).

Accordingly, the court will dismiss the plaintiff's complaint without prejudice for failure to comply with Rule 8, and will grant the plaintiff leave to file an amended complaint that provides a short and plain statement of (1) the facts surrounding the defendants' decision to decline to issue the plaintiff the necessary license to operate his business, (2) how each defendant participated in that decision, and (3) how each defendant allegedly violated the plaintiff's rights. The court will grant the plaintiff's motion to proceed *in forma pauperis*.

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**. The court further **ORDERS** that the plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**. The court further

5

Case 2:16-cv-00898-PP   Filed 12/27/16   Page 5 of 6   Document 4

**ORDERS** that if the plaintiff wishes to file an amended complaint that complies with the requirements of Fed. R. Civ. P. 8, he must file that complaint no later than the end of the day on **Friday, January 20, 2017**.

Dated in Milwaukee, Wisconsin this 23rd day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge